UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **TRACY BRUNJES** : | CIVIL ACTION NO.: |
|     **Plaintiff** : | |
| : | |
| **v.** : | |
| : | |
| **NEW ENGLAND CONSULTING** : | |
| **GROUP, INC.** : | |
|     **Defendant** : | MARCH 28, 2014 |

## COMPLAINT

### INTRODUCTION

1. This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendant's failure to pay overtime compensation to Plaintiff, in violation of federal wage and hour laws.

2. Plaintiff brings this as an individual action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter "the FLSA").

3. Plaintiff also has state and federal gender discrimination claims pending at the Connecticut Commission on Human Rights and Opportunities and the Equal Employment Opportunity Commission. Once she has met the administrative pre-requisites for bringing those claims in Court, Plaintiff intends to amend this Complaint in order to incorporate those claims into the instant action.

### PARTIES

4. Plaintiff, Tracy Brunjes ("Plaintiff" or "Brunjes"), is an individual who at all times relevant to this Complaint resided in Connecticut. At all times relevant to this Complaint, Plaintiff was employed by Defendant, New England Consulting Group, Inc. ("Defendant" or "NECG").

5. Defendant is a Connecticut Corporation whose principal place of business is located at 401 Merritt 7, Penthouse Suite, Norwalk, CT 06851. Defendant transacts business in the State of Connecticut and is an employer engaged in interstate commerce as that term is defined under the FLSA.

**JURISDICTION**

6. The United States District Court for the District of Connecticut has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the FLSA.

**FACTUAL BACKGROUND**

7. Plaintiff commenced her employment with Defendant in September of 2013.

8. During her employment, Plaintiff has been employed by Defendant as a Managing Associate.

9. At times during the course of her employment with Defendant, Plaintiff worked overtime as that term is defined by FLSA.

10. Specifically, Plaintiff, from the start of her employment in September of 2013 until March of 2014 worked, on average, approximately forty-eight to fifty hours per week, representing approximately eight to ten hours of overtime per week.

11. At all times during her employment with Defendant, Plaintiff was not paid overtime at the rate of one and one-half times her regular hourly rate for overtime as that term is defined by FLSA.

12. At all times during her employment with Defendant, Plaintiff has performed and continues to perform job duties and responsibilities which render her non-exempt under the FLSA.

13. Plaintiff has had no supervisory responsibilities, has not set policy, and has not regularly exercise discretion and independent judgment with respect to matters of significance.

**COUNT ONE:    VIOLATION OF THE FAIR LABOR STANDARDS ACT**

14. Paragraphs 1 through 13 of the introductory paragraphs are incorporated herein as Paragraph 14 of this Count One as if fully set forth herein.

15. During Plaintiff's employment with Defendant, Defendant failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times her regular hourly rate.

16. Defendant's failure to pay Plaintiff overtime at the rate of one and one-half times her regular hourly rate for all hours worked in excess of forty (40) per week was willful.

17. By virtue of the above, Defendant violated the FLSA.

18. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to compensation for all overtime hours worked computed at one and one-half times her regular hourly rate, liquidated damages, attorneys' fees and costs.

**DEMAND FOR RELIEF**

    **WHEREFORE**, Plaintiff claims:

1. Unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

2. Liquidated damages under the Fair Labor Standards At, 29 U.S.C.§ 201 *et seq.*;

3. Interest;

4. Costs;

5. Statutory attorneys' fees; and

6. Such other relief as in law or equity may pertain.

**JURY DEMAND**

    Plaintiff hereby demands a trial by jury.

    Plaintiff, Tracy Brunjes

By: /s/ William G. Madsen
William G. Madsen (ct09853)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street, Hartford, CT 06103
Tel.: (860) 246-2466   Fax: (860) 246-1794
wmadsen@mppjustice.com
Attorney for Plaintiff